**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 19-1899

CINDIA ASTRID SALAZAR DE TOLEDO, a/k/a Cindy Astrid Lima-Salazar; K.D.S.L., a minor child; M.Y.S.L., a minor child,

Petitioner,

v.

WILLIAM P. BARR, Attorney General,

Respondent.

On Petition for Review of an Order of the Board of Immigration Appeals.

Submitted: March 30, 2020                          Decided: April 14, 2020

Before AGEE and RUSHING, Circuit Judges, and SHEDD, Senior Circuit Judge.

Petition denied by unpublished per curiam opinion.

Maureen A. Sweeney, Gabriela Q. Kahrl, MARYLAND CAREY LAW IMMIGRATION CLINIC, Baltimore, Maryland, for Petitioner. Joseph H. Hunt, Assistant Attorney General, John S. Hogan, Assistant Director, Andrea N. Gevas, Office of Immigration Litigation, Civil Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Cindia Astrid Salazar de Toledo, and her two minor children, natives and citizens of El Salvador, petition for review of the order of the Board of Immigration Appeals ("Board") dismissing their appeal from the immigration judge's ("IJ") decision denying Salazar de Toledo's applications for asylum, withholding of removal, and deferral of removal under the Convention Against Torture.[1]  We deny the petition for review.

"Because the Board adopted and affirmed the IJ's opinion in full, the factual findings and reasoning contained in both decisions are subject to judicial review." *Alvarez Lagos v. Barr*, 927 F.3d 236, 252 (4th Cir. 2019) (alterations, citation, and internal quotation marks omitted).  We will uphold the agency's decision unless it is manifestly contrary to the law and an abuse of discretion.  *Djadjou v. Holder,* 662 F.3d 265, 273 (4th Cir. 2011).  Our review of the agency's findings is narrow and deferential.  Factual findings and an adverse credibility finding are affirmed if supported by substantial evidence.  *Id.* The agency must provide specific, cogent reasons for finding the applicant incredible.  *Id.* "Substantial evidence exists to support a finding unless the evidence was such that any reasonable adjudicator would have been compelled to conclude to the contrary."  *Id.* (internal quotation marks omitted).  "[A]dverse credibility determinations are generally fatal to an asylum claim" unless the applicant can prove past persecution through independent evidence.  *Qing Hua Lin v. Holder,* 736 F.3d 343, 354 (4th Cir. 2013).

---

[1] Salazar de Toledo's two children born in El Salvador are derivative asylum applicants.  *See* 8 U.S.C. § 1158(b)(3) (2018).

We conclude that the agency's adverse credibility finding is supported by substantial evidence. Salazar de Toledo's failure to be completely forthcoming about her criminal record in El Salvador, inconsistencies concerning the last time she saw or spoke to her father, a drug dealer, how she acquired her birth certificate, and discrepancies between her testimony and her asylum application and written affidavit concerning key events that led her to leave El Salvador provide ample support for the adverse credibility finding. We find no error in the IJ's consideration of Salazar de Toledo's asserted reasons and excuses for the discrepancies and inconsistencies. "[W]here the record plausibly could support two results: the one the IJ chose and the one the petitioner advances, reversal is only appropriate" if the record compels the court to accept the alien's explanation. *Niang v. Gonzales*, 492 F.3d 505, 511 (4th Cir. 2007) (alterations and internal quotation marks omitted).

We further conclude that the agency did not err in its review of Salazar de Toledo's corroborating evidence. The agency clearly acknowledged that independent evidence may establish past persecution even if the applicant's testimony was incredible. *Camara v. Ashcroft,* 378 F.3d 361, 370-71 (4th Cir. 2004). While Salazar de Toledo's independent evidence established the plausibility of Salazar de Toledo's claim and the events that preceded her leaving El Salvador, the evidence does not compel a different result. Because Salazar de Toledo was deemed incredible and she failed to provide sufficient corroborative,

independent evidence, we conclude that substantial evidence supports the denial of asylum and withholding of removal. [2]

To qualify for protection under the CAT, an applicant bears the burden of proof of showing "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2019). To state a prima facie case for relief under the CAT, an applicant must show that she will be subjected to "severe pain or suffering, whether physical or mental . . . by or at the instigation of or with the consent or acquiescence of a public official or other person acting in an official capacity." 8 C.F.R. § 1208.18(a)(1) (2019); *see Saintha v. Mukasey,* 516 F.3d 243, 246 & n.2 (4th Cir. 2008). "[A] CAT claim requires the applicant to show that she will be *tortured*, not merely threatened." *Ortez-Cruz v. Barr*, 951 F.3d 190, 202 (4th Cir. 2020). However, the applicant need not prove the torture would be inflicted on account of a protected ground. *Dankam v. Gonzales,* 495 F.3d 113, 115-16 (4th Cir. 2007). We review the denial of CAT relief for substantial evidence. *Id*. at 124.

We conclude that the agency properly reviewed the evidence and did not deny CAT relief on the basis of the adverse credibility finding. We further conclude that substantial evidence supports the denial of deferral of removal under the CAT. While there is evidence that Salazar de Toledo was harmed in the past, there is no compelling evidence that she

---

[2] We need not review the agency's alternate finding that Salazar de Toledo was ineligible for asylum and withholding of removal because there were serious reasons to believe that she committed serious nonpolitical crimes in El Salvador. 8 U.S.C. § 1231(b)(3)(B)(iii) (2018); 8 C.F.R. § 1208.16(d)(2) (2019). Nor do we need to consider whether a "duress exception" applies to this particular statutory bar to relief.

was tortured in the past, or even intentionally harmed. *See* 8 C.F.R. § 1208.18(a)(1) ("[t]orture is an extreme form of cruel and inhuman treatment and does not include lesser forms of cruel, inhuman or degrading treatment"). Nor is there evidence that compels a finding that Salazar de Toledo faces a likelihood of torture in El Salvador.

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

*PETITION DENIED*